GUILLERMO TRUJILLO CRUZ
_____
FULL NAME

_____
COMMITTED NAME (if different)

NORTH KERN STATE PRISON (FB-B4-223)
_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

P.O. BOX 4999 DELANO, CAL 93215
_____

# AA 2974
_____
PRISON NUMBER (if applicable)



FILED
CLERK, U.S. DISTRICT COURT

DEC 17 2020

CENTRAL DISTRICT OF CALIFORNIA
BY        DTA        DEPUTY

Fee Due

5:20 cv 2607 - JAK - E

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GUILLERMO TRUJILLO CRUZ

PLAINTIFF,

v.

D. MOXLEY; D. HOLBROOK; J.F. SALAZAR,
ET. AL;

DEFENDANT(S).

CASE NUMBER

" NEW COMPLAINT, "

_____
To be supplied by the Clerk

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____20_____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   TRUJILLO VS. M. CHAPPUIS, NO. # 2:19-CV-01467-WBS-EFB

   TRUJILLO VS. S. BALLESTEROS, NO. #1:20-CV-00124-AWI-13AM

   TRUJILLO VS. B. BAKER, NO. #1:19-CV-00995-DAD-GSA-PC.

   TRUJILLO VS. S. SAVOIE, NO. #1:19-CV-01024-LJO-JDP.

   TRUJILLO VS. S. TINCHER, NO. #4:20-CV-02714-HSG.

   TRUJILLO VS. D. FORD, NO. #4:19-CV-07649-HSG.

a. Parties to this previous lawsuit:
Plaintiff _GUILLERMO TRUJILLO CRUZ_

Defendants _S. SAVOIE, ET·AL;_

b. Court _U.S. DISTRICT COURT FOR THE_
_EASTERN DISTRICT OF CALIFORNIA_

c. Docket or case number _#1:19-CV-01024-LJO-JDP / #19-1743_

d. Name of judge to whom case was assigned _N/A_

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _PENDING WITH THE 9TH CIRCUIT COURT OF APPEALS._

f. Issues raised: _"IMMINENT DANGER OF SERIOUS PHYSICAL INJURY." 28 U.S.C. 1915(g)_

g. Approximate date of filing lawsuit: _N/A_

h. Approximate date of disposition _APRIL 10, 2020_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes  ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes  ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☒ Yes  ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _GUILLERMO TRUJILLO CRUZ_
(print plaintiff's name)

who presently resides at _NORTH KERN STATE PRISON  P.O. BOX. DELANO CAL 93215_
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_CHUCKAWALLA VALLEY STATE PRISON_
(institution/city where violation occurred)

**CIVIL RIGHTS COMPLAINT**

on (date or dates) _____, _____, _____.
             (Claim I)        (Claim II)        (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant <u>D. MOXLEY, ET. AL,</u> resides or works at
          (full name of first defendant)

        <u>C.V.S.P 19025 WILEY'S WELL ROAD. BLYTHE, CAL 92225</u>
        (full address of first defendant)

        <u>STAFF SERVICES ANALYST</u>
        (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

<u>DEFENDANT, D. MOXLEY, KNEW THAT OFFICER L'ITALIAN FALSELY FALSE FABRICATED RULE VIOLATION REPORT AND AUTOMATICALLY PLACE PLAINTIFF TRUJILLO UNDER "IMMINENT DANGER OF SERIOUS PHYSICAL INJURY AND ACTED WITH "DELIBERATE INDIFFERENCE" TO THAT DANGER.</u>

2. Defendant <u>D. HOLBROOK, ET. AL,</u> resides or works at
          (full name of first defendant)

        <u>C.V.S.P 19025 WILEY'S WELL ROAD. BLYTHE, CAL 92225</u>
        (full address of first defendant)

        <u>CHIEF DEPUTY WARDEN</u>
        (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

<u>DEFENDANT, D. HOLBROOK, KNEW ABOUT OFFICER L'ITALIAN, FALSE FABRICATED RULE VIOLATION REPORT AND AUTOMATICALLY PLACE PLAINTIFF, TRUJILLO, UNDER "IMMINENT DANGER OF SERIOUS PHYSICAL INJURY" AND ACTED WITH "DELIBERATE INDIFFERENCE" TO THAT DANGER.</u>

3. Defendant <u>J.F. SALARZAR ET. AL</u> resides or works at
          (full name of first defendant)

        <u>C.V.S.P 19025 WILEY'S WELL ROAD, BLYTHE, CAL 92225</u>
        (full address of first defendant)

        <u>WARDEN</u>
        (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

<u>DEFENDANT, J.F. SALAZAR, KNEW ABOUT OFFICER L'ITALIAN, FALSE FABRICATED RULE VIOLATION REPORT AND AUTOMATICALLY PLACE PLAINTIFF, TRUJILLO, UNDER "IMMINENT DANGER OF SERIOUS PHYSICAL INJURY" AND ACTED WITH "DELIBERATE INDIFFERENCE" TO THAT DANGER.</u>

4.  Defendant   *J.F. SALAZAR ET.AL* _____ resides or works at
                (full name of first defendant)

        *C.V.S.P 19025 WILEYS WELLROAD. BLYTHE, CAL 92225* _____
        (full address of first defendant)

        *WARDEN* _____
        (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

_____

_____


5.  Defendant  _____ resides or works at
                (full name of first defendant)

        _____
        (full address of first defendant)

        _____
        (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

DELIBERATE INDIFFERENCE TO A SUBSTANTIAL RISK OF SERIOUS HARM TO AN INMATE VIOLATES THE EIGHT AMENDMENT.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

ON NOVEMBER 27, 2009, WHILE CONFINE AT CHACKUWALLA VALLEY STATE PRISON (C.V.S.P.) FACILITY C YARD, BUILDING SIX, OFFICER S L'ITALIAN, FALSELY FABRICATED A RULE VIOLATION REPORT OF SEXUAL MISCONDUCT MASTURBATION W/O EXPOSURE. DEFENDANT'S, D. MOXLEY, D. HOLBROOK, AND J.F. SALARZA, DENIED (C.D.C.R FORM 602) APPEAL LOG NO # CVSP-X-19-0004B IN RETALIATION TO COVER UP THEIR EMPLOYEE'S LT. J. LIBERT'S GUILTY FINDING AND OFFICER S L'ITALIAN FALSE OR MISLEADING STATEMENT'S WRITTEN INTO A DOCUMENT MAINTAINED BY THE DEPARTMENT OF CORRECTIONS AND REHABILITATION. ALL THREE DEFENDANTS, MOXLEY, HOLBROOK, AND SALAZAR, ~~KNEW~~ ACTED WITH DELIBERATE INDIFFERENCE " TO AN " EXCESSIVE RISK TO PLAINTIFF, MR. TRUJILLO'S, HEALTH AND SAFETY BY KNOWING THAT SUCH FALSE REPORT WOULD PLACE PLAINTIFF OF SERIOUS HARM ONCE THE SOUTHERN HISPANIC RACE ASKED TO CHECK HIS PAPERWORK (RAP SHEET) CLASSIFICATION COMMITTEE CHRONO 128-C AND DISREGARDED AN EXCESSIVE RISK TO INMATE HEALTH AND SAFETY. BECAUSE ON NOVEMBER 01, 2013, SEPTEMBER 15, 2015, SEPTEMBER 17, 2015, AUGUST 11, 2016, AUGUST 29, 2018, AND JUNE 27, 2019 WAS " MALICIOUSLY " AND SADISTICALLY AND WAS REQUIRED FOR HOSPITALIAZATION TO TREAT THE SERIOUSNESS INJURIES. I, PLAINTIFF, TRUJILLO, CAN TESTIFY THAT I HAVE BEEN PURSUED AND BEATEN BY DEFENDANTS, MOXLEY, HOLBROOK,

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

1   AND SALAZAR, UNCARING TO THAT DANGER AND GENUINELY FEAR I; PLAINTIFF, TRUJILLO,

2   WILL FACE MORE OF THE SAME ABUSE ~~BEHIND~~ BEHIND THE SAME FABRICATED DISCIPLINARY

3   RULE VIOLATION REPORT LOG NO. # 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; DATED NOVEMBER 27, 2009 NO MATTER

4   WHAT INSTITUTION I PLAINTIFF, MIGHT BE CONFINED AT, AT THE TIME.

5       PLAINTIFF, MR. TRUJILLO, ASSERTS THAT DEFENDANTS, MOXLEY, HOLBROOK, AND SALAZAR

6   HAVE CONTINUE TO BE UNDER DELIBERATE INDIFFERENCE TOWARDS PLAINTIFF, BY

7   PROVIDING POOR TRAINING AND FAILING TO PROTECT PLAINTIFF, GUILLERMO

8   TRUJILLO CRUZ, FROM PHYSICAL HARM. IN THIS CASE DEFENDANTS, HAVE NOT MET THE

9   BURDEN OF SHOWING THE ABSENCE OF ANY TRIABLE ISSUE OF MATERIAL FACT.

Add Page

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

GRANTING PLAINTIFF, MR. TRUJILLO, A DECLARATION THAT THE FACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED MY RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE U.S. AND GRANTING PLAINTIFF, TRUJILLO, COMPENSATORY DAMAGES IN THE AMOUNT OF $ 2,000,000 AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY. PLAINTIFF, ALSO SEEKS PUNITIVE DAMAGES IN THE AMOUNT OF $ 3,000,000 AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY. PLAINTIFF, TRUJILLO, SEEKS THE POWER OF AND AUTHORITY OF THE COURTS TO CONDUCT A POLYGRAPH EXAMINATION ON ALL DEFENDANTS, MOXLEY, HOLBROOK, AND SALAZAR AND ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER AND EQUITABLE.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

05 - 26 - 2020
*(Date)*

*(Signature of Plaintiff)*

**INMATE APPEAL ASSIGNMENT NOTICE**

To: INMATE TRUILLO, AA2974                          Date: January 22, 2019
Current Housing: A 006 1115001L

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: CVSP-X-19-00048

ASSIGNED STAFF REVIEWER: IAO
APPEAL ISSUE: LEGAL
DUE DATE: 03/06/2019

Inmate TRUILLO, this acts as a notice to you that your appeal has been sent to the above
staff for SECOND level response. If you have any questions, contact the above staff
member. If dissatisfied, you have 30 days from the receipt of the response to forward
your appeal for THIRD level review. Third level appeals are to be mailed directly to:

       Chief of Inmate Appeals
       Department of Corrections
       P. O. Box 942883
       Sacramento, CA 94283-0001

☐ J. Freeman, CCII
☐ C. Mendez, Office Technician
☑ D. Moxley, Staff Services Analyst
Appeals Coordinator
CVSP

Scanned at CDCR and E-Mailed
on ___7/26/19___ by _____
   (date)       (initials)
Number of pages scanned: 25

State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

Scanned at CDCR and E-Mailed

on ___7/26/19___ by ___Jk___

Date:    February 20, 2018                              (date)          (initials)

To:      Trujillo, Guillermo                            Number of pages scanned: 25
         CDCR#: AA2974
         Housing Unit: A6-115L
         Pelican Bay State Prison

Subject: **SECOND LEVEL APPEAL RESPONSE APPEAL LOG NO: CVSP-X-19-00048**

**APPEAL SUMMARY:**
You would like to appeal the cancellation of Appeal log # CVSP-X-18-01164.

**APPEAL REQUEST:**
You are requesting that CVSP Inmate Appeals Office accept your cancelled appeal (CVSP-X-18-01164), regarding RVR Log #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 as timely filed.

**INTERVIEWED BY:**
On, February 20, 2018, D. Moxley, Staff Services Analyst for the Appeals Office, conducted a telephonic interview with you at Kern Valley State Prison. You were asked if you had anything further to add to your appeal and you said you did not.

**EFFECTIVE COMMUNICATION:**
The Disability and Effective Communication System (DECS) indicates you have a 1.8 reading level. To achieve effective communication, I used simple English, spoke slowly and read to you during the interview. During your interview, you were able to articulate to the Reviewer your appeal issues and were able to elaborate on them sufficiently that the Reviewer was satisfied you have a good understanding of the appeal issues and were able to communicate them with the Reviewer. You are not a participant in the Mental Health Services Delivery System (MHSDS) and you have no physical or developmental disabilities which would preclude you from being able to communicate your concerns without assistance. Additional assistance was not required; therefore, effective communication was established.

**REGULATIONS:**
The rules governing this issue are the California Code of Regulations (CCR), Title 15, Sections 3084.6(c)(4), 3084.6(b)2, 3084.1(f) and 3084(c).

**APPEAL RESPONSE:**

Only one appeal issue may be addressed per appeal. This response will only address the cancellation of appeal log number CVSP-X-18-01164. Any other issue must be appealed separately. Your appeal logged as CVSP-X-18-01164 was received by the CVSP Inmate Appeals Office on December 17, 2018. The issue you are referring to in your appeal is dated December 12, 2009, approximately 9 years later from the date of receiving this appeal. Per Title 15

Trujillo, Guillermo
CDC#:AA2974
APPEAL LOG#:  CVSP-X-19-00048
Page 2

Section 3084.1(f) (g) states that you must send your appeal and any supporting documents to the Appeals Coordinator within 30 calendar days of the event that led to the filing of your appeal. Your Second Level Appeal Response (Log # CVSP-X-10-00112) was completed and mailed back to you on March 2, 2010 along with your response and all original documents. You had 30 days from the response to mail your Second Level Appeal to Third Level in which you failed to do so. Furthermore, you have provided no valid reason as to why it has taken you 8 years to appeal this decision.

## APPEAL DECISION:

Based on the aforementioned, your request to have your appeal log # CVSP-X-18-01164 reinstated is **DENIED** as you have failed meet time constraints.

If you are dissatisfied with the Second Level Response, complete Section F of the CDCR 602 and forward your appeal for Director's Level Review within 30 calendar days of receipt of the response.  Submit all documents for Director's review to Director of Corrections P.O Box 942883 Sacramento, CA 94283-0001, Attn: Chief, Inmate Appeals Branch.


D. Moxley                                    D. Holbrook
Staff Services Analyst                       Chief Deputy Warden
Chuckawalla Valley State Prison              Chuckawalla Valley State Prison

cc:  Central File
     Inmate Appeals


Scanned at CDCR and E-Mailed
on   7/26/19    by   J·1c
   (date)           (initials)
Number of pages scanned: 25

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | CVSP - X - 19-00048 | | 10 |

*FOR STAFF USE ONLY*

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): TRUJILLO GUILLERMO CRUZ | CDC Number: #AA-2974 | Unit/Cell Number: FA-A6-115 | Assignment: N/A |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): TITLE 15 SECTION 3084.6 REJECTION; CANCELLATION; AND WITHDRAWAL CRITERIA.

A. Explain your Issue (If you need more space, use Section A of the CDCR 602-A): I AM APPEALING THE CANCELLATION DECISION ON APPEAL LOG# CVSP-X-18-01164 BECAUSE IT WAS STATED ON FORM 695 BY APPEAL COORDINATOR C. MENDEZ THAT THIS APPEAL DUPLICATES A PREVIOUS APPEAL WHICH I HAVE NOT

B. Action requested (If you need more space, use Section B of the CDCR 602-A): I WOULD LIKE 602 APPEAL LOG # CVSP-X-18-01164 BYPASS AT SECOND LEVEL REVIEW TO OBTAIN RELIEF.

**Supporting Documents: Refer to CCR 3084.3.**
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☐ No, I have not attached any supporting documents. Reason :

Inmate/Parolee Signature: _____  Date Submitted: 01-17-18

☐ By placing my initials in this box, I waive my right to receive an interview.

RECEIVED JAN 2 2019 SLR CVSP APPEALS

C. First Level - Staff Use Only                     Staff – Check Here: Is CDCR 602-A Attached?  ☐ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter) Date: ___
☐ Accepted at the First Level of Review.
Assigned to: ___ Title: ___ Date Assigned: ___ Date Due: ___
First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: ___ Interview Location: ___
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: ___
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: ___ Title: ___ Signature: ___
Reviewer: ___ Title: ___ Signature: ___
Date received by AC: ___

Scanned at CDCR and E-Mailed on 7/26/2019 by JK (date) date completed: (initials) Number of pages scanned: 25

| AC Use Only |
| Date mailed/delivered to appellant ___ / ___ / ___ |

STATE OF CALIFORNIA                                                                                         DEPARTMENT FOR CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)                                                                                                                                              Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.  If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____        Date Submitted : _____

**E. Second Level - Staff Use Only**                               Staff – Check One: Is CDCR 602-A Attached?  ☒ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: __IAo__   Title: __S__   Date Assigned: _1/22/19_   Date Due: _3/6/19_

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _2/20/19_                Interview Location: _TELEPHONIC - KVSP_

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _D. MOXLEY_ (Print Name)   Title: _SSA_   Signature: _____   Date completed: _2/20/19_

Reviewer: _D Holbrook_ (Print Name)   Title: _CDW_   Signature: _____

Date received by AC: _2/22/19_

AC Use Only
Date mailed/delivered to appellant _2/22/19_

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation,  P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

I AM DISSATISFIED WITH THE SECOND LEVEL RESPONSE BECAUSE THE ORIGINAL 602 SUBMITTED REGARDING TO
THE DISCIPLINARY GUILTY FINDING WAS NEVER RETURN BACK TO FINISH EXHAUSTING ADMINISTRATIVE REMEDIES
WERE I APPELLANT NEEDED TO RE-SUBMIT A NEW 602 APPEAL WHICH HAS BEEN DENIED BECAUSE I FAILED TO
MEET TIME CONSTRAINTS. THEREFORE WOULD LIKE TO OBTAIN A NEW DISCIPLINARY HEARING AND
OBTAIN BETTER REMEDIES.

Inmate/Parolee Signature: _____        Date Submitted: _MARCH 03, 2019_

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant ___/___/___

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

Inmate/Parolee Signature: _____        Date: _____
Print Staff Name: _____ Title: _____ Signature: _____        Date: _____

Case 5:20-cv-02607-JAK-E    Document 1    Filed 12/17/20    Page 13 of 29    Page ID
#:13
Case 2:19-cv-01467-WBS-EFB    Document 1    Filed 07/26/19    Page 13 of 24

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)
Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | CVSP-X 19-00048 | | 10 |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO; GUILLERMO CRUZ | #AA-2974 | FA-A6 #115 | N/A |

A.  Continuation of CDCR 602, Section A only (Explain your issue) : *RECIEVEN ON SECOND LEVEL*
*RESPONSE DATED: 03-08-10. THEREFORE WOULD LIKE FOR YOU TO*
*TRACK DOWN THE LOST OR DELAYED 602 OR ACCEPT THIS 602 AS*
*THE PREVIOUS APPEAL.*

FF USE ONLY

RECEIVED
JAN 2 2 2019
SLR
CVSP APPEALS

Inmate/Parolee Signature: _____    Date Submitted: 01-17-18

B.  Continuation of CDCR 602, Section B only (Action requested): _____

~~Scanned at CDCR and E-Mailed~~
on 7/26/19 by JC
(date)          (initials)
Number of pages scanned: 25

Inmate/Parolee Signature: _____    Date Submitted: _____

Case 5:20-cv-02607-JAK-E    Document 1    Filed 12/17/20    Page 14 of 29   Page ID
#:14
Case 2:19-cv-01467-WBS-EFB   Document 1   Filed 07/26/19   Page 14 of 24

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*Monday, December 17, 2018*

*TRUILLO, AA2974*
*A 006 1115001L*

DISCIPLINARY, Division E, 12/17/2018
Log Number: CVSP-X-18-01164
(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is</u>
<u>subject to cancellation for failure to correct noted deficiencies.</u>)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15,*
*Section (CCR) 3084.6(c)(2). The appeal duplicates a previous appeal upon which a decision*
*has been rendered or is pending.*

*Mr. Truillo, you are appealing Rules Violation 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. You have previously appeal this*
*violation on 2/9/10, for which you receive a Second Level Response on 3/8/10. You may not*
*submit a duplicate appeal. Furthermore, you have been in custody for approximately eight*
*years since the final copy was given to you. You have failed to meet the time constraints to*
*appeal this issue. Your appeal has been cancelled.*

☐  J. Freeman, CCII
☒  C. Mendez, Office Technician
☐  D. Moxley, Staff Services Analyst
Appeals Coordinator
CVSP

Scanned at CDCR and E-Mailed
on ___7/26/19___ by ___J.K.___
        (date)           (initials)
Number of pages scanned: 25

NOTE: If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a
separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if
the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

CVSP-X-18F-01164

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): TRUJILLO, GUILLERMO CRUZ | CDC Number: AA-2974 | Unit/Cell Number: FA-A6-115 | Assignment: N/A |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): APPEALLING RULE VIOLATION REPORT DISPOSITION LOG NO. #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, AND LOST OR DELAY OF 602 APPEAL.

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON DEC-12-2009, I APPEALED THE GUILTY FINDING ON R.V.R LOG NO. #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 DISPOSITION BECAUSE (SHO) J. LIBERT FOUND ME GUILTY AT THE DISCIPLINARY HEARING IN FAVOR FOR OFFICER S. L'ITALIAN WITHOUT ENOUGH PREPONDERANCE OF EVIDENCE TO OFFICER S. L'ITALIAN FABRICATED STORY.

B. Action requested (If you need more space, use Section B of the CDCR 602-A): I WOULD LIKE FOR THE GUILTY FINDING REVERSED, FAIR HEARING WITH WITNESSES PRESENT AT THE HEARING, RESTORE THE LOST OF SIXTY (60) DAYS OF LOSS OF BEHAVIOR/WORK CREDIT, SPUNGE OUT R.V.R FROM CENTRAL FILE, POLYGRAPH EXAMINATION AGAINST S. L'ITALIAN REGARDING TO HER TRUTHFULL

Supporting Documents: Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

RULE VIOLATION REPORT DATED: 11-27-09
INMATE APPEALS TRACKING SYSTEM

☐ No, I have not attached any supporting documents. Reason :_____

Inmate/Parolee Signature: _____    Date Submitted: 12-11-18

☐ By placing my initials in this box, I waive my right to receive an interview.

RECEIVED DEC 17 2018 CVSP APP

C. First Level - Staff Use Only    Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date:___ Date:___ Date:___ Date:___
☐ Cancelled (See attached letter) Date:___
☐ Accepted at the First Level of Review.
Assigned to:___ Title:___ Date Assigned:___ Date Due:___
First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview:___ Interview Location:___
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other:___
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer:___ Title:___ Signature:___ Date completed:___
Reviewer:___ Title:___ Signature:___
Date received by AC:___

BYPASSED

Scanned at CDCR and E-Mailed on 7/26/19 by J-IC (date) (initials) Number of pages scanned: 25

AC Use Only
Date mailed/delivered to appellant ___/___/___

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**                                                                    Side 1
CDCR 602-A (REV. 03/12)

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | CVSP - X - 18 - 01164 | | |
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TRUJILLO, GUILLERMO CRUZ | AA-2974 | FA-A6-115 | N/A |

A.  **Continuation of CDCR 602, Section A only** (Explain your issue) : FALSE OR MISLEADING STATEMENTS,

ACTS OF DISHONESTY AND PROFESSIONAL MISCONDUCT. AT THE DISCIPLINARY HEARING (SHO)

J. LIBERT, BASICALLY FOUND ME GUILTY ON R.V. R 115 UNDER HEARESAY STATEMENTS AND WRITTEN

FALSE TESTIMONY TO COVER UP S. L'ITALIAN FALSE WRITTEN REPORT IN (RACIAL BASIS) JUST

BECAUSE (SHO) J. LIBERT CAUCASIAN RACE AN SO IS SHE L'ITALIAN. SECONDLY I WAS UNABLE TO

COLLECT ANY EVIDENCE /OR POTENTIAL WITNESSES FOR MY DEFENSE BECAUSE I WAS PLACED IN

AD-SEG UNIT. (SHO) J. LIBERT ALSO VIOLATED MY DUE PROCESS RIGHT TITLE 15 SECTION

3315 (e) SERIOUS RULE VIOLATION RIGHT TO CALL WITNESSES FOR CROSS-EXAMINATION AND

BASICALLY DENIED ALL WITNESS TO BE PRESENT AT THE DISCIPLINARY HEARING AND TOTALLY

STIPULATE WITNESSES IN MY DEFENSE FOR GUILTY FINDING AND COVER UP FOR OFFICER S.

L'ITALIAN FALSE INFORMATION INTRODUCE INTO RULE VIOLATION REPORT MAINTAINED BY

THE DEPARTMENT OF CORRECTIONS AND REHABILITATION. THIS FABRICATED STORY BY OFFICER

S. L'ITALIAN WAS FOR THE VERY PURPOSE TO GET ME REMOVED OFF THE YARD AND SERIOUSLY

INJURED OUT ON THE MAIN YARD. I WOULD LIKE TO RECIEVE A NEW FAIR HEARING ON

R.V.R DATED: NOV-27-2009.

Inmate/Parolee Signature: [signature]                    Date Submitted: 12-11-18

RECEIVED
DEC 17 2018
CVSP APPEALS

B.  **Continuation of CDCR 602, Section B only** (Action requested): WRITTEN STATEMENTS AND ANY OTHER LOSS OF PRIVILEGES

RESTORE BACK IMMEDIATELY. THE POLYGRAPH EXAMINATION SHALL NOT BE USE AGAINST HER FOR DETERMINING

A GUILT OR INNOCENCE DISCIPLINARY MATTER'S PER: TITLE 15 SECTION 3293 (A)(b) POLYGRAPH EXAMINATION.

Scanned at CDCR and E-Mailed

on  7/26/19  by  J.K

(date)        (initials)

Number of pages scanned: 25

Inmate/Parolee Signature: [signature]                    Date Submitted: 12-11-18

Case 5:20-cv-02607-JAK-E   Document 1   Filed 12/17/20   Page 17 of 29   Page ID
#:17
Case 2:19-cv-01407-WBS-EFB   Document 1   Filed 07/26/19   Page 17 of 24

State of California                                      Department of Corrections and Rehabilitation

# Memorandum                                    C—FILE

Date:     March 2, 2010

                                        Scanned at CDCR and E-Mailed
To:       Guillermo Truillo, AA-2974        on ___7/26/19___ by ___JK___
          Chuckawalla Valley State Prison
                                            (date)        (initials)
                                        Number of pages scanned: 25
Subject: SECOND LEVEL APPEAL RESPONSE
          LOG NO.:    CVSP 10-00112

ISSUE:

You are appealing a matter regarding a disciplinary charge (CDC 115). You received a
CDC 115 dated 11/27/09, Log Number C09-11-0020, for Sexual Disorderly Conduct-
Masturbation w/o (without) Exposure. You contend you are not guilty and your
due process rights were violated.

You are requesting to appeal the CDC 115 and transferred to another prison as soon as
possible.

INTERVIEWED BY:  N. Eshelman, Associate Governmental Program Analyst, on
03/02/10. In reaching a decision, all relevant documentation was researched.

REGULATIONS: The rules governing this issue are:

California Code of Regulations, Title 15, Section (CCR) 3000.
Definitions.
Sexual Disorderly Conduct means every person who touches, without
exposing, his or her genitals, buttocks or breasts in a manner that
demonstrates it is for the purpose of sexual arousal, gratification,
annoyance, or offense, and that any reasonable person would consider this
conduct offensive.

CCR 3007. Sexual Behavior.
       Inmates may not participate in illegal sexual acts. Inmates are
specifically excluded in laws, which remove legal restraints from acts
between consenting adults. Inmates must avoid deliberately placing
themselves in situations and behaving in a manner, which is designed to
encourage illegal sexual acts.

CCR 3315. Serious Rule Violations.
       (e) Witnesses. An inmate may request that friendly and adverse
witnesses attend the hearing.
       (1) Requested witnesses shall be called unless the official
conducting the hearing denies the request for one of the following reasons:
       (B) The official determines that the witness has no relevant or
additional information.
       (2) If an inmate's request for a witness is denied, the reasons shall
be documented on the CDC Form 115.

CCR 3320. Hearing Procedures and Time Limitations.
       (l) The inmate may present documentary evidence in defense or
mitigation of the charges. Any finding of guilt shall be based upon
determination by the official(s) conducting the disciplinary hearing that a
preponderance of evidence submitted at the hearing substantiates the

Case 5:20-cv-02607-JAK-E    Document 1    Filed 12/17/20    Page 18 of 29    Page ID
#:18
Case 2:18-cv-0145?-WBS-EFB    Document 1    Filed 07/26/19    Page 18 of 24

GUILLERMO TRUILLO, AA-2974
CASE NO. 10-00112
PAGE 2

charge. At the conclusion of the disciplinary hearing, the inmate shall be informed of the findings and disposition of the charge and of the right to and procedure for appeal of the action. Within five working days following review of the CDC Form 115 and CDC Form 115-A by the chief disciplinary officer, the inmate shall be provided a copy of the completed CDC Form 115 containing the findings, disposition, and evidence relied upon in reaching the conclusions.

State of California Department of Corrections Operations Manual (DOM) Article 25, §52100.3 Implementation.
Incident Reporting and Tracking:
     Every Indecent Exposure or Sexual Disorderly Conduct incident shall be documented by the observing employee on a CDC Form 115, Rules Violation Report (RVR).
     An inmate who masturbates or engages in inappropriate touching of his/her genitals, buttocks, or breasts in public without exposing his/her genitals, for example under the clothing, will be charged with the Division E offense of Sexual Disorderly Conduct.

Inmate Truillo, in reviewing CDC 115 dated 11/27/09, Log Number C09-11-0020, for Sexual Disorderly Conduct- Masturbation w/o Exposure, all due process rights and time constraints were met. The finding of guilt was based on the written report by the employee, which stated you were observed staring at the Reporting Employee (RE) while using your right hand to grasp your penis on the outside of your clothing and moving your hand back and forth in a stroking motion resembling masturbation. You contend you are not guilty and you were inappropriately denied witnesses in violation of your due process rights. All relevant case factors were evaluated. It is clear based on the RE's report of the circumstances of the incident and the witness statement provided by Correctional Officer Gonzalez, there is a preponderance of evidence to support the finding of guilt. You have failed to provide any evidence which would support your claims of otherwise. Furthermore, as mandated under Title 15, CCR §3315(e), the Senior Hearing Officer appropriately documented the reasons for denying your witnesses on the CDC 115, as it was determined the witnesses would be unable to provide any additional information necessary to the finding of fact. Additionally, it was noted that you confirmed the inmate witnesses requested by you would state they did not see you touch yourself and, therefore, this testimony would be stipulated and taken into consideration when reaching a decision. Hence, your request to appeal the CDC 115 is granted; however, it will not be dismissed or modified. Finally, your request to be transferred to another prison as soon as possible will not be addressed, as advised via screen outs dated 01/13/10 and 02/09/10, this must be appealed separately as a Transfer issue.

DECISION: The appeal is GRANTED.

You are advised this issue may be submitted for a Director's Level of Review if desired.


M. R. BUNTS
Inmate Appeals Coordinator

JFS/MRB/nle

cc: Central File
    Inmate Appeals

J. F. SALAZAR
Warden
Chuckawalla Valley State Prison

Scanned at CDCR and E-Mailed
7/26/19        J-lc
(date)        (initials)
Number of pages scanned: 25

CDC-804, SENT TO RECORDS VIA CELL 11/28/09          ASSIGNMENT: PROFCLO30
                                                    EIHNIC: MEX
                                                    DOB: 08-13-79
                                                    GPL: NIR

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT**                                         ASU 234

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| AA-2974 | Truillo, G. | | 12-31-09 | CVSP | O6-165U | CO9-11-0020 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS Sexual Disorderly Misconduct | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR§ 3005(a) | Conduct Masturbation W/O Exposure | C-6 | 11/27/09 | 1745 Hrs |

CIRCUMSTANCES On November 27, 2009, at approximately 1745 hours, while assigned as O6 Housing Unit Officer, I observed Inmate Truillo, G. (AA-2974, O6-165U) sitting down at the table in front of the 143-149 cube starring towards my direction. I was standing behind the podium watching my partner, Officer Caviness search bunk 149. While I was watching Officer Caviness I noticed Inmate Truillo facing my direction, starring at me. When I made eye contact with him, he placed his right arm palm side down over his crotch area. I continued to watch Officer Caviness search the 149 bunk. When Officer Caviness came back to the podium, I observed Truillo gets up and walks to the 162-168 cube, and stand next to the 162 locker. I then did a visual security check from the podium of A-side dayroom floor, then I did a visual security check of the C-side dayroom floor when I observed Truillo standing in front of the 160L locker. He was standing, facing toward my direction placing his right arm palm side down over his crotch area. Inmate Truillo was grasping his penis from the outside of his pants and moving his arm forward and backward in a stroking motion appearing to be masturbating. I continued to look toward Truillo and he continued to use his right hand to grasp his penis on the outside of his clothing moving his arm forward and back in a stroking motion appearing to be masturbating. I then stood up and walked toward Inmate Truillo, he dropped his right arm to his side. I called him to come over towards me. He complied and walked over to me. My partner, Officer Gonzales was standing behind me. I asked him what he was doing? He responded that he didn't know what I was talking about. I told him that I had observed him starring at me when he was sitting at the table in front of the 162-168 cube, and now standing in front of the 160L locker grasping onto his penis and moving his hand forward and backward in a stroking motion appearing to be masturbating. Officer Gonzales ordered Inmate Truillo, to turn around, to be cuffed up. Inmate Truillo complied and Officer Gonzales put cuffs on Truillo and escorted him to the Facility "C" Program Services. Inmate is aware of this report. It should be noted at this time that Inmate Truillo is NOT a participant in the MHSDS or DDS.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ S. L'italien, Correctional Officer | 11/28/09 | Correctional Officer | M/T |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ▶ M. Chavez, Correctional Sergeant | 11-28-09 | DATE N/A | | LOC. N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE<br>☒ SERIOUS | "E" (31-60) | 11-30-09 | ▶ C. Roe, Correctional Counselor I | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 11/30/09 | 0900 | N/A |

| ☐ INCIDENT REPORT<br>LOG NUMBER:<br>N/A | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ N/A | | | ▶ N/A | | |

HEARING
On Sunday December 06, 2009 at approximately 1402 hours, Inmate Truillo, G. (AA-2974) appeared before this Senior Hearing Officer (SHO), Correctional Lieutenant J. Leibert, for this disciplinary hearing.

FINDINGS: Inmate Truillo is being found GUILTY of violating CCR§ Section 3005(a), a Division "E" offense, for the specific act of "Sexual Disorderly Conduct Masturbation W/O Exposure".

DISPOSITION: Assessed Sixty (60) Days Loss of Behavior/Work Credit, consistent with the schedule provided in CCR§ 3323 (Disciplinary Credit Forfeiture Schedule) for a Division "E" Offense.

Scanned at CDCR and E-Mailed
on _7/26/19_ by _J.K._
(date)      (initials)

Number of pages scanned: 25

FOR SUMMARY OF HEARING
SEE ATTACHED 115 (PART-C)

| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME)<br>J. Leibert, Correctional Lieutenant | SIGNATURE<br>▶ | | DATE<br>12/06/09 | TIME<br>1402 |
| REVIEWED BY: (SIGNATURE)<br>▶ D. Mireles, Facility "C" Captain | DATE<br>12-14-09 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE<br>▶ A. Terhune, A.W. Complex II | DATE<br>12/29/09 | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE)<br>▶ | | DATE<br>12/30/09 | TIME<br>1540 |

ENTERED R2

CDC 115 (7/88)

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE 2 OF 5

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| AA-2974 | Truillo, G. | C09-11-0020 | CVSP | 12/06/09 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☒ HEARING    ☐ IE REPORT    ☐ OTHER

On December 06, 2009, at approximately 1402 Hours, Inmate Truillo, G. (AA-2974) made a personal appearance before this Senior Hearing Officer (SHO), Correctional Lieutenant J. Leibert, for the purpose of adjudicating this Rules Violation Report (RVR). This SHO inquired about the status of his health. Truillo stated he was in GOOD health and acknowledged that he had received copies of CDC 115 and CDC 115-A issued on 12-05-09 at least twenty-four (24) hours prior to this hearing and is prepared to proceed.

**DUE PROCESS:** The disciplinary reports were served to Inmate Truillo within 15 days of discovery and the hearing is being held within 30 days of service. Time constraints have been met. There are no due process issues.

**MENTAL HEALTH SERVICES DELIVERY SYSTEM (MHSDS):** Inmate Truillo is NOT a participant in the Mental Health Delivery System at any level of care. However, due to the nature of the specific act in the RVR, an assessment was requested for Inmate Truillo, and it was determined by Sutkin, Ph.D. Psychologist that Truillo did not exhibit any bizarre and/or unusual behavior to contribute to the behavior that led to the RVR.

**DISABILITY AND EFFECTIVE COMMUNICATION SYSTEM:** Inmate Truillo is NOT a class member covered under the Americans with Disability Act, therefore, did not require and additional communication accommodation.

**POSTPONEMENT OF DISCIPLINARY HEARING:** This RVR did not meet the criteria for referral to the Riverside County District Attorney's Office for Prosecution.

**STAFF ASSISTANT (SA):** Inmate Truillo was assigned a Staff Assistant per 3315(d)(2). As indicated by his GPL of NTR. On 12/05/09 Correctional Officer R. Salcido was assigned as the (S.A.) to assist Inmate Truillo (AA-2974) for the disciplinary process. Inmate Truillo's primary means of communication is the English language. To ensure effective communication, the (S.A.) spoke slowly and clearly, using simple English to explain the charges against Truillo and the disciplinary hearing process. The (S.A.) was present at the hearing to assist Truillo with his due process rights, and to answer any questions at the conclusion of the hearing. **Effective communication was established to this SHO'S satisfaction.** SHO informed Truillo that the Education Department has a Test of Adult Basic Education (TABE) Score listed as NTR, and claims to have a GED. Truillo stated that he understood the charges and the reports, speaks English and is literate; that he is capable of representing himself in the disciplinary hearing and is prepared to begin. Truillo was asked to explain to the SHO his CDC-115; he did so with such competency as to satisfy his SHO that **effective communication** was established and that Truillo understood the charges against him and could proceed with the hearing. Truillo is not a participant in the Mental Health Services Delivery System, did not require a confidential relationship in preparing his defense and the issues are not complex.

**INVESTIGATIVE EMPLOYEE (IE):** Not Assigned per CCRS 3315(d)(1). Truillo was not segregated and was able to collect evidence and/or interview potential witnesses for his defense.

**WITNESSES:** Inmate Truillo was advised of his right to call witnesses, and Truillo requested the presence of the following Inmates as witnesses: Inmate Thomas (J-35959), Barcelo (F-95616), and Carrasco (G-28821). Staff witnesses requested by Truillo: Correctional Officer D. Caviness, and Officer Gonzalez.

Scanned at CDCR and E-Mailed on 7/26/19 by J.K. (date) (initials) Number of pages scanned: 2S

Continuation on Part-C (Page #3)

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | J. Leibert, Correctional Lieutenant | 12/06/09 |
| | GIVEN BY (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | R. Salcido | 12/10 | 1540 |

CDC 115-C (5/95)

OSP 07 101947

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE 3 OF 5

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| AA-2974 | Truillo, G. | C09-11-0020 | CVSP | 12/06/09 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER ___

This Senior Hearing Officer elected to ask Truillo the following questions:

Q). Why would the Reporting Employee, Correctional Officer L'italien submit a Rules Violation Report (RVR) for inmate misconduct if she did not observe any misconduct on your behalf?

A). Because I filed a sexual harassment claim on two female officers at my last institution for repeatedly asking to see my penis.

Inmate Witnesses Requested By Inmate;

Truillo requested Inmate Thomas (J-35959) as a witness for his defense. Truillo stated that Inmate Thomas would state that he did not see me touch myself. This Senior Hearing Officer informed Truillo that for the record, I would stipulate that Inmate Thomas if present would offer this testimony.

Truillo requested Inmate Barcelo (F-95616) as a witness for his defense. Truillo stated that Inmate Barcelo would state that he did not see me touch myself. This Senior Hearing Officer informed Truillo that for the record, I would stipulate that Inmate Barcelo if present would offer this testimony.

Truillo requested Inmate Carraso (G-28821) as a witness for his defense. Truillo stated that Inmate Carraso would state that he did not see me touch myself. This Senior Hearing Officer informed Truillo that for the record, I would stipulate that Inmate Carraso if present would offer this testimony.

Staff Witnesses Requested By Inmate Truillo

Truillo requested Correctional Officer Caviness as a witness in his defense. Because Officer Caviness was searching a bunk area at the time of the incident, it was determined by this Senior Hearing Officer that Officer Caviness would not be able to provide any additional information. Correctional Officer Caviness was denied as a witness.

Truillo requested Correctional Officer Gonzalez as a witness in his defense. This Senior Hearing Officer granted this request and an interview with Correctional Officer Gonzalez was conducted via Institutional Telephone and placed on speaker phone. All questions from Truillo were relayed to Officer Gonzalez via this Senior Hearing Officer. This SHO asked Officer Gonzalez the following questions as relayed by Truillo,

Q). Why didn't you say you saw Inmate Truillo touching himself in the report if you were standing next to Officer L'italien at the time of the incident?

A). While standing at the podium with Officer L'italien, she turned to me and stated, look at Inmate Truillo because he was touching himself. When I turned to look, he had stopped. I asked if she wanted to go get him and she stated "yes, if he does it again." Shortly after Officer L'italien stated that he's doing it again we immediately went over to his location and placed him in handcuffs. I did not see him touching himself. This SHO stated he had no further questions. At this time Officer Gonzalez was excused from the hearing.

Continuation on Part-C (Page #4)

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| Scanned at CDCR and E-Mailed | J. Leibert, Correctional Lieutenant | | 12/06/09 |
| on 7/26/19 by J.R. | GIVEN BY (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| (date)  (initials) | | 12.10 | 1640 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | | | |

Number of pages scanned: 25

CDC 115-C (5/95)

OSP 07 101947

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE _4_ OF _5_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| AA-2974 | Truillo, G. | 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 | CVSP | 12/06/09 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☒ HEARING    ☐ IE REPORT    ☐ OTHER _N/A_

**PLEA/STATEMENT:** This SHO explained the circumstances of the RVR to Inmate Truillo speaking slowly, rephrasing sentences using simple English. Inmate Truillo explained his understanding of the RVR and the disciplinary process to this SHO's satisfaction and elected to plead **NOT GUILTY**. Inmate Truillo was asked if he had any statement to make and he stated: "None of it is true, no one saw me touching myself. I was not erect. I come from a level four yard, and we take that seriously."

**FINDINGS:** Inmate Truillo, G. (AA-2974) is being found **GUILTY** of violating CCR§ Section 3005(a), defined in California Code of Regulations, Title 15, for the specific act of: "Sexual Disorderly Conduct Masturbation W/O Exposure". Sexual Disorderly Conduct means every person who touches, Without exposing, his or her genitals, buttocks or breast in a Manner that demonstrates it is for the purpose of sexual arousal, Gratification, annoyance, or offense, and that any reasonable Person would consider this conduct offensive. Masturbating in the public view without exposing the genitals, such as beneath the clothing, in front of staff or other inmates, is considered disorderly conduct and a violation of CCR **Section 3005(a)**, a Division "E" offense. This finding is based upon the preponderance of evidence submitted at the disciplinary hearing, which substantiated the charge. This evidence includes:

1). The reporting employee's report written report, wherein it clearly states; On November 27, 2009, at approximately 1745 hours, while assigned as C6 Housing Unit Officer, I observed Inmate Truillo, G. (AA-2974, C6-165U) sitting down at the table in front of the 143-149 cube starring towards my direction. I was standing behind the podium watching my partner, Officer Caviness search bunk 149. While I was watching Officer Caviness I noticed Inmate Truillo facing his body towards my direction, starring at me. When I made eye contact with him, he placed his right hand palm side down over his crotch area. I continued to watch Officer Caviness search the 149 bunk. When Officer Caviness came back to the podium, I observed Truillo gets up and walks to the 162-168 cube, and stand next to the 162 locker. I then did a visual security check from the podium of A-side dayroom floor, then I did a visual security check of the C-side dayroom floor when I observed Truillo standing in front of the 160L locker. He was standing, facing toward my direction placing his right hand palm side down over his crotch area. Inmate Truillo was grasping his penis from the outside of his pants and moving his arm forward and backward in a stroking motion appearing to be masturbating. I continued to look toward Truillo and he continued to use his right hand to grasp his penis on the outside of his clothing moving his arm forward and back in a stroking motion appearing to be masturbating. I then stood up and walked toward Inmate Truillo, he dropped his right arm to his side. I called him to come over towards me. He complied and walked over to me. My partner, Officer Gonzales was standing behind me. I asked him what he was doing? He responded that he didn't know what I was talking about. I told him that I had observed him starring at me when he was sitting at the table in front of the 162-168 cube, and now standing in front of the 160L locker grasping onto his penis and moving his hand forward and backward in a stroking motion appearing to be masturbating. Officer Gonzales ordered Inmate Truillo to turn around to be cuffed up.

2). The statement provided by Officer Gonzalez during the hearing stating that Officer L'italien did notify him of Inmate Truillo's actions prior to the second occurrence.

The SHO finds this evidence to qualify as sufficent Evidence to support the charge against the Truillo (AA-2974).

Continuation on Part-C (Page #5)

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | J. Leibert, Correctional Lieutenant | 12/06/09 |
| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 12-10 | 1540 |

Scanned at CDCR and E-Mailed

on _7/26/19_ by _JK_

_(date)_    COPY OF CDC 115-C GIVEN TO INMATE

_(initials)_

Number of pages scanned: 25

CDC 115-C (5/95)

OSP 07 101947

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE 5 OF 5

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| AA-2974 | Truillo, G. | C09-11-0020 | CVSP | 12/06/09 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER ___ N/A

3). Truillo's testimony that this CDC-115 is not true, does not warrant consideration. There is no supported evidence the Reporting Employee has any interest in this violation beyond the professional interest of any staff member reporting Inmate misconduct.

4). This SHO finds Inmate Truillo's plea of "Not Guilty" without credibility, as he provided no convincing evidence to disprove the Reporting Employees written report.

**CONCLUSION:**

In considering the totality of the circumstances in this case and the information and evidence presented the SHO elects to find the defendant GUILTY of the charge.

Based on the reporting employee report which clearly documents Truillo's actions and witness testimony offered during the hearing. Coupled withe Inmate Truillo's plea of Not Guilty without credibility as he provided no convincing evidence to disprove the misconduct did not occur, the SHO finds enough information is available to establish a preponderance of evidence to find the defendant guilty of the charge.

**DISPOSITION:** Assessed Sixty (60) Days Loss of Behavior/Work Credit, consistent with the schedule provided in CCR§ 3323 (Disciplinary Credit Forfeiture Schedule) for a Division "E" Offense.

**ASSESSED:** Thirty (30) Days of "LOSS OF PRIVILEGES" effective 12/06/09 through 01/05/10.

Specific Loss of Privileges to include:

1) No Dayroom
2) No Telephone Privileges (unless verified emergency)
3) No Yard Activities. When Yard and Dayroom Privileges are lost, Inmate will be permitted TWO (2) hours of yard per day to coincide with C-Status Yard Hours.

Inmate Truillo was warned and reprimanded at length regarding his behavioral expectations.

Inmate Truillo has been apprised of the above finding(s) and his right to appeal these findings pursuant to CCR §3084.1. Truillo as further advised he would receive a completed copy of this RVR upon final audit by the Chief Disciplinary Officer.

Inmate Truillo was advised of his right to restoration of credits under CCR§ 3327 and 3328.

The Senior Hearing Officer reviewed the findings and disposition of this hearing with Inmate Truillo who then stated he understood the Loss Of Credit/Loss of Privileges to this Senior Hearing Officer's satisfaction. Therefore, establishing effective communication.

Upon issuance of the final copy, the SA will ensure that Inmate Truillo understands all decisions reached and will provide all needed assistance to ensure effective communication has been established.

Scanned at CDCR and E-Mailed on 7/26/19 by STC (date) (initials) COPY OF CDC 115-C GIVEN TO INMATE Number of pages scanned: 25

| SIGNATURE OF WRITER J.Liebert, Correctional Lieutenant | DATE SIGNED 12/06/09 |
|---|---|
| GIVEN BY (Staff's Signature) | DATE SIGNED 12/10 | TIME SIGNED 1540 |

CDC 115-C (5/95)

OSP 07 101947

STATE OF CALIFORNIA

# SERIOUS RULES VIOLATION REPORT  ①

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| AA-2974 | Truillo, G. | CCR§ 3005(a) | 11/27/09 | CVSP | C09-11-0020 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. — INMATE'S SIGNATURE ► N/A — DATE N/A

☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. — INMATE'S SIGNATURE ► N/A — DATE N/A

DATE NOTICE OF OUTCOME RECEIVED N/A    DISPOSITION N/A

☐ I REVOKE my request for postponement. — INMATE'S SIGNATURE ► N/A — DATE N/A

## STAFF ASSISTANT

STAFF ASSISTANT ☐ REQUESTED  ☐ WAIVED BY INMATE — INMATE'S SIGNATURE ► N/A — DATE N/A

☒ ASSIGNED  DATE 12-5-09  NAME OF STAFF K. Salcido

☐ NOT ASSIGNED  REASON INMATE DOES MEET CRITERIA PER CCR§ 3315(d)(2). GPL of NIR.

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE ☐ REQUESTED  ☐ WAIVED BY INMATE — INMATE'S SIGNATURE ► N/A — DATE N/A

☒ ASSIGNED  DATE //// NAME OF STAFF N/A

☒ NOT ASSIGNED  REASON INMATE DOES MEET CRITERIA PER CCR§ 3315(d)(1). ~~Inmate Placed in ASU~~ on charlie-yard

EVIDENCE / INFORMATION REQUESTED BY INMATE: NONE

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS):
☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☒ OTHER See below  ☐ NONE

WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER):
C/O GONZALEZ — GRANTED NOT GRANTED
C/O CARINESS — GRANTED

WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER):
I/m THOMAS J35959 — GRANTED
I/m BARCELO S45616 — GRANTED

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

Scanned at CDCR and E-Mailed on 7/26/19 by J.K
(date)  (initials)
Number of pages scanned: 25

N/A

INVESTIGATOR'S SIGNATURE ► N/A  DATE N/A

☒ COPY OF CDC 115-A GIVEN INMATE  BY: (STAFF'S SIGNATURE) ► R. Salcido  TIME 0900  DATE 12-25-09

CDC 115-A (7/88)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) TRUJILLO GUILLERMO (FIRST NAME) CRUZ | CDC NUMBER: # AA 2974 | SIGNATURE: |
| HOUSING/BED NUMBER: FB-BB-106 | ASSIGNMENT: N/A | HOURS FROM N TO A | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): 7219 MEDICAL REPORT |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:
I AM REQUESTING FOR C.D.C.R 7219 (REV. 01/08) MEDICAL REPORT OF INJURY OR UNUSUAL OCCURENCE
DATED: JUNE-27-19. CODE 1 FIGHT FACILITY B YARD AT NORTH KERN STATE PRISON. THESE
DOCUMENTS REQUESTED ARE FOR LEGAL MATTERS. WITHDRAWAL INMATE FORM ATTACHED
TRUST ACCOUNT WITHDRAW ORDER C.D.C-193 (1/88) ATTACHED.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED**
☒ SENT THROUGH MAIL: ADDRESSED TO: MEDICAL STAFF FACILITY B YARD        DATE MAILED: 09, 01, 19
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)  YES    NO |
| IF FORWARDED – TO WHOM: MEDICAL STAFF ~~FACILITY~~ FACILITY-B | DATE DELIVERED/MAILED: 09-01-19 | METHOD OF DELIVERY: (CIRCLE ONE)  IN PERSON  BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.
ON THE ABOVE DATE 09-01-19 SUBMITTED THIS C.D.C.R FORM 22 (10/09) TO OBTAIN MEDICAL
RECORD'S FROM CENTRAL FILE FOR LEGAL MATTERS AND BEING DENIED MY RIGHT TO OBTAIN
DOC'S FROM CENTRAL FILE REGARDING MEDICAL ~~REPER~~ RECORD'S. I WOULD LIKE TO OBTAIN
A RESPONSE TO SECTION B STAFF RESPONSE.

| SIGNATURE: | DATE SUBMITTED: 05 09-05-19 |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |

G.P UNIT B-8

STATE OF CALIFORNIA                                                           DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print)    (LAST NAME) | | | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|---|---|
| TRUJILLO | GUILLERMO CRUZ | | | #AA.2974 | |
| HOUSING/BED NUMBER: | ASSIGNMENT: | | | HOURS FROM   N /A | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
| | N/A | | | | 7219 MEDICAL REPORT |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:
I AM REQUESTING FOR C.D.C.R 7219 (REV.01/18) MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE
DATED: JUNE-27-2019, CODE 1 FIGHT ON FACILITY B YARD AT NORTH KERN STATE PRISON. THESE
DOCUMENTS ARE FOR LEGAL MATTERS.
            TRUST ACCOUNT WITHDRAW ORDER C.D.C-193 (1/18) ATTACHED

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **    09
[X] SENT THROUGH MAIL: ADDRESSED TO: CORRECTIONAL COUNSELOR AT BUILDING 8     DATE MAILED: 08/01/19
[ ] DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)   YES      NO |
|---|---|---|---|
| IF FORWARDED – TO WHOM: CORRECTIONAL COUNSELOR BLD #8 | | DATE DELIVERED/MAILED: 09-01-19 | METHOD OF DELIVERY: (CIRCLE ONE)  IN PERSON  (BY US MAIL) |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: CCI M. CASTAÑEDA | DATE: 9-4-19 | SIGNATURE: | DATE RETURNED: 9-4-19 |
|---|---|---|---|

SEE ATTACHED

## SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE**

CDCR 7219 (Rev. 01/18)

Page 1 of 2

| NAME OF INSTITUTION | LOCATION OF EVALUATION | | DATE |
|---|---|---|---|
| NKSP | B-Yard Clinic | | 06/27/19 |

REASON FOR REPORT  ☐ ALLEGATION   ☐ ON THE JOB INJURY   ☐ USE OF FORCE   ☐ INJURY   ☐ OTM RETURNS
☒ UNUSUAL OCCURRENCE   ☐ PRE AD/SEG ADMISSION   ☐ R&R   ☐ OTHER _____

| NAME | LAST | FIRST | CDCR NUMBER | PERNR / INST. ID # | VISITOR ID # (SOMS) |
|---|---|---|---|---|---|
| | TRUILLO | GUILLERMO | AA 2974 | — | |

| PLACE OF OCCURRENCE | DATE OF OCCURRENCE | TIME OF OCCURRENCE | TIME SEEN | RN NOTIFIED TIME | PHYSICIAN NOTIFIED TIME |
|---|---|---|---|---|---|
| B-Yard | 06/27/19 | 0910 | 0917 | 0910 | — |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"No Comment"



| INJURIES FOUND? (YES) NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| Swollen Area | (10) |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | (14) |
| Skin Flap | 15 |
| Pre-Existing | 16 |
| Other | 17 |
| | 18 |

Chemical Agent Exposure?  YES / (NO)

Chem. Agent Exposure Area   EX

Decontaminated w/ Water? YES / NO / REFUSED   N/A

Decontaminated w/ Air? YES / NO / REFUSED   N/A

Self-decontamination Instructions given?  YES / (NO)

Staff issued Exposure packet?  YES / (NO)

Q 15 min. check times

| Initial | 1st Check |
|---|---|
| N | |
| 2nd Check | Final |
| | N/A |

TIME/DISPOSITION
Return to custody  0925

REPORT COMPLETED BY/TITLE (PRINT AND SIGN)
K. Esmani , LVN      YN 006

| PERNR / INST. ID # | RDOs | ASSIGNMENT AREA |
|---|---|---|
| 16108653 | Tue/Wed | B-MD Line |
| 106285 | | |

DEPARTMENT OF CORRECTIONS

OF CALIFORNIA
93 [1/88]

# TRUST ACCOUNT WITHDRAW ORDER

Date...... 09 - 01 - ........ .........20...19.....

arden ........................................ Approved.................................................

eby request that my Trust Account be charged $...................... for the purpose stated below and authorize the
rawal of that sum from my account:

# A A - 29474
_____
NUMBER

_____
NAME [Signature please, DO NOT PRINT]

PRINT PLAINLY BELOW name and address of person to whom
check is to be mailed.

below the PURPOSE for which withdrawal is requested
ot use this form for Canteen or Hobby purchases).

NAME...............................................................................

OSE...legal postage CeTAin 72(9 (REV. 01-18)

ADDRESS..........................................................................

DICAL REPORT DATED : JUNE -27-2019

_____

GUILLERMOTRUTILLO CRUZ
_____
PRINT YOUR FULL NAME HERE



US POSTAGE ≫PITNEY BOWES

ZIP 93215  $ 002.00⁰
02 4H
0000355486 DEC 09 2020

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
312 N. SPRING STREET
LOS ANGELES, CAL. 90042

**Return Address**

**North Kern State Prison**

me: GUTIERMO TRUTILLO   **CDCR#:** # AA 2974

acility:  ⓓ   **Bldg.:**  6   **Cell:** #106

.O. Box:  5005

elano, CA 93216

**Inmate Indigent Mail**

"LEGAL MAIL"

**STATE PRISON
GENERATED MAIL**

UNAUTHORIZED ITEMS WITHIN INMATE MAIL.

These items, if discovered within inmate mail will cause a delay in processing or Return to Sender:

• No padded envelopes
• No musical greeting cards, videos, CD's and/or cassette tapes.
• No Cash or Traveler Checks.
• No Credit Cards, Credit Cards, Bankcards, and Phone Cards, etc.
• No identification cards.
• No Polaroid photographs, negatives, slides and photo albums. No photos depicting drugs and/or drug
  paraphernalia. No photographs, drawings or publications displaying frontal nudity of either
  gender. Nothing which depicts displays of overt/sexual penetration and such in a perversive theme.
• No gang related material, including gang signs and or affiliation.
• No items of clothing or food. No hard plastic, metal, wood items, magnets, rubber glue and/or glitter.
• No tattoo patterns or tracing paper. No jewelry.
• No mail containing unknown substance, any powder, liquid, and/or soids.
• No items which may threaten the safety and security of the institution, or any correspondence deemed
  circumventing of mail procedures.
• No Solicitation of funds (Money/Currency). No Pens or Pencils allowed.
• No Lipstick, Perfume, Cologne, or prank on the contents and/or envelope.
• All incoming mail must have full return address

**INDIGENT**

AUTHORIZED ITEMS WITHIN INMATE MAIL

These items are allowed with inmate incoming mail and should not cause a delay in processing.

• 40 Postage Stamps (Write Inmate's Name & CDCR or on stamps in case they are lost).
• 40 Blank or Embossed envelopes
• 25 Sheet Paper, Typing or Writing (lined), White or Yellow.
• Personal letters, Greeting cards (NO Musical cards allowed)
• 15 Photographs (NO Polaroids with backing attached)
• Books, magazines and newspapers MUST be shipped/mailed directly from vendor
  (NO hardcover books).

**INDIGENT**

9bbJS  12/9/20